490      The People *ex rel. v.* Young *et al.*     [April T.

Syllabus.     Statement of the case.

The People of the State of Illinois, on the relation
of Lyman Baldwin

*v.*

Delos W. Young, Mayor of the City of Aurora, and
Lorenzo D. Brady, and others, Aldermen.

1. Statutes—*repeal thereof by implication.* When an amendatory act declares that a certain section of the amended act, "shall be so amended that it shall read as follows:" and then proceeds to make a distinct provision on the subject, that will operate to repeal the section of the amended act named, substituting therefor the amendatory section.

2. Same—*and herein of the power of the Common Council of the City of Aurora to increase the number of wards in the City.* Section three of the act of 1857, incorporating the City of Aurora, divides the city into four wards, and fixes the boundaries and limits of the same, and then contains a *proviso*, that the Common Council may, at any regular meeting thereof, increase the number of wards, and fix the boundaries thereof. The eleventh section of the amendatory act of 1865, declares that section three of the act of 1857 "shall be so amended that it shall read as follows:" and then proceeds to divide the city into eleven wards, fixing their boundaries and limits, but does not contain the *proviso* of section three, or any other, giving the Common Council power to increase the number of wards. *Held*, that section three was thereby repealed, the eleventh section being substituted therefor, and, as a consequence, the Council had no power to increase the number of wards in the city.

This was an application to this court for a writ of mandamus, in the name of the People of the State of Illinois, on the relation of Lyman Baldwin, against Delos W. Young, Mayor of the City of Aurora, and Lorenzo D. Brady, and others, Aldermen of said city, to compel the respondents, comprising the Common Council of the City of Aurora, to count the votes given for Alderman at an election held in the fourteenth ward of said city, and to admit the relator to take the oath of office and exercise the duties thereof, as Alderman, alleging that he was duly elected as such.

The question arising upon the application is, whether the Common Council had the power to create additional wards in the city.

By section three of the act of February 11, 1857, incorporating the City of Aurora, the city was divided into four wards, and their boundaries were fixed in the act, that section containing this proviso: that the Common Council may at any regular meeting, increase the number of wards, and fix the boundaries of the same.

By section eleven of an act of the Legislature, entitled "an act to further amend an act to incorporate the City of Aurora, and to establish an inferior court therein," approved February 10, 1865, it is provided as follows:  " Section three of chapter one of said act is hereby amended that it shall read as follows :" the act then proceeds to divide the city into eleven wards, fixing their boundaries, but does not contain the proviso of section three, that the Common Council may increase the number of wards thus created.

The Common Council had undertaken to increase the number of wards thus established, the relator claiming to have been elected Alderman from one of the additional wards, the fourteenth.   The respondents insist that the eleventh section of the amendatory act of 1865 repeals the third section of the act of 1857, incorporating the city, and, therefore, the Common Council had no power· to create the fourteenth ward ; and whether the act of 1865 had that effect, is the only question presented.

Messrs. PARKS and METZNER, for the relator.

Messrs. WALKER and DEXTER and Mr. S. W. BROWN, for the respondents.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

We only propose to consider the question whether the amendatory act of the 10th of February, 1865, repeals the third section of the act of 1857, incorporating the City of Aurora. The section referred to, declares that the city shall be divided into four wards, and fixes their boundaries, but it contains this proviso: " that the Common Council may at any regular meeting, increase the number of wards and fix the boundaries of the same." Section eleven of the act of 1865, declares that section three of chapter one of the act of 1857, "shall be so amended, that it shall read as follows." It then divides the city into eleven wards and defines the boundaries of each. It wholly omits the proviso embraced in section three, nor does it in any manner confer authority upon the Common Council to alter or change the wards thus created. The sixteenth section declares all acts and parts of acts heretofore passed which conflict with or are inconsistent with the provisions of the latter act, are repealed.

Does the proviso in the third section of the act of 1857, conflict with the eleventh section of the act of 1865? We think it does. The eleventh section says that the third section is so amended as to read in the language therein embraced. And we find no portion of the proviso embraced in the eleventh section. If we were to transfer the proviso to and insert it in the eleventh section, it would not then read in the language that followed as the amendment; but it would read in the language declared to be the amendment, and also in other language. No portion of the proviso follows in the eleventh section, whilst the Legislature has declared that the third section should be amended in the language employed in that section. When they said it should be so amended, that excluded all other language as well as the proviso. The act as amended fixes the wards and their boundaries, and fails to give power to the Common Council other than by reducing or increasing their number or by changing their boundaries.

If the eleventh section had declared that the third section should be so amended as to divide the city into eleven wards

and had fixed their boundaries, and stopped, it would have presented a different question. But it declares that the third section shall be amended as follows, and we see that the proviso does not follow, nor is it even referred to in what does follow. It will not be contended that the Common Council had any power to change the wards, unless it was conferred by the Legislature. And failing to confer it, the Common Council acted without warrant of law in making the change in the wards created by the eleventh section of the act of 1865, and a peremptory writ of mandamus must be refused.

*Mandamus refused.*