CHARLES J. GOODALL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon January 20, 1888.*

1.  CIRCUIT COURT OF WHITE COUNTY—*of the terms of that court—August term done away with.* The act of June 30, 1885, fixing the terms of the circuit court in the second judicial circuit, fixed the terms in White county on the first Mondays of January, June and October, and on the second Monday of March in each year, and being the latest expression of the legislative will, by implication repealed the act of June 29, 1885, which fixed the terms in that county on the first Mondays of January, June and August, thus doing away with the August term.

2.  REPEAL OF STATUTE—*by reconstruction of a section.* The amendment of a section of a statute, by declaring it shall be amended so as to read as follows, (setting out in words how it shall read,) of necessity repeals all of the section, as it before stood, which is left out of and is not included in the reading which is written in the amendatory act for the section to have.

3.  JURISDICTION—*out of term time as established by law.* A circuit court has no jurisdiction to try one for a criminal offence at a time not provided for by law, or any other time than at a term fixed by law, and a judgment of conviction at an unauthorized term will be reversed.

WRIT OF ERROR to the Circuit Court of White county; the Hon. C. S. CONGER, Judge, presiding.

Mr. P. A. PEARCE, for the plaintiff in error:

The only point relied upon in this case by appellant is, that the court trying said cause had no jurisdiction, for the reason that the law authorizing the circuit court of White county in August was invalid. *Kepley* v. *People, ante,* p. 367.

Mr. JOHN W. HORR, State's Attorney, Mr. J. R. WILLIAMS, and Mr. B. S. ORGAN, for the People:

The legislature of 1881 might lawfully give White county an additional term or terms of court. Const. sec. 14, art. 6.

This might properly be done as an amendment to the law of 1879, which fixed terms for White county. If done by way of amendment to the law of 1879, the amendment could only have been made by inserting the section of the law of 1879 at length in the act of 1881, and inserting, in proper context, the amendatory matter. Const. sec. 13, art. 4.

The legislature of 1885 found the law fixing terms for White county, all in the act of 1881, and so finding, it should have fixed terms as to White by act amendatory thereof, which was done by act of June 29, 1885, and ought to be a valid law as to White county, unless it was repealed by the act of June 30.

Must the act of June 30 be held to repeal the act of June 29 as to White county? The act of June 30 contains no words directly declaring that it was intended to repeal the act of June 29, and if it does repeal it, it must do so by implication.

A subsequent statute, without negative words, will not repeal the particular provisions of a former statute, unless the two acts are irreconcilably inconsistent. *Gunnarssohn* v. *City of Sterling*, 92 Ill. 569; *Covington* v. *City of East St. Louis*, 78 id. 548.

The act of June 30, 1885, does not purport to repeal any law, but it amends the law of 1879. It would leave the law of 1881 in force as to White county, if our views of the law be accepted. Then, if another act be found amending the law of 1881, would not both acts be in force? Certainly, unless they should be "irreconcilably inconsistent."

The rule is, that if the provisions of both laws can not be carried into effect, the later law must prevail. (*Dingman* v. *People*, 51 Ill. 277.) Or, as the court say in *Kepley* v. *People*, citing from *Devine* v. *Commissioners of Cook County*, 84 Ill. 595: "If obedience can not be given to the last law without derogating from the first, it is the first that must give way." Then it would seem to follow that the act of June 29 is to be obeyed as a law, unless obedience can not also be given to the act of June 30.

The act of June 29 gives White county a term on the first Monday of January, and the act of June 30 does the same; but the latter act provides that such January term shall be devoted exclusively to business not requiring a jury, etc., and allows no grand jury. Let it be, then, for the present, said that the January term must be held as provided by the last act, because obedience to the prior act is disobedience to the latter, in some respects. The act of June 30 provides that a term be held in White county, beginning the second Monday of March, and that is, of course, to be done.

Both acts provide alike for June terms. The act of June 29 provides an August term, and the act of June 30 is in nowise irreconcilably inconsistent with this provision for an August term, and no reason is apparent why the act of June 29, amendatory of the act of 1881, is not in full force as to this August term, as far as the August term is concerned. Obedience may be given to either law without in any way doing violence to the other. And when this can be done, it can not be said that the two acts are irreconcilably inconsistent, nor is the former repealed by the latter, there being no direct words of repeal in the latter act.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

At the August term, A. D. 1887, of the White county circuit court, in this State, and in the month of August, 1887, Charles J. Goodall was indicted, tried for and convicted of the crime of burglary, and sentenced to imprisonment in the penitentiary for one year. The sole point now made by the defendant for the reversal of the judgment is, that the court below had no jurisdiction of the cause, the defendant having been indicted, tried and convicted in August, 1887, at which time, it is alleged, there was no term of the circuit court of White county, Illinois, authorized by law.

The General Assembly of this State passed an act entitled "An act concerning circuit courts, and to fix the time for holding the same in the several counties in the judicial circuits in the State of Illinois, exclusive of the county of Cook," which was approved May 24, 1879. The first section provided, "that hereafter the times for holding the circuit courts in the several counties composing the various judicial circuits in the State of Illinois, exclusive of the county of Cook, be as follows." The third section of this act fixed the times for holding the circuit courts in the several counties composing the second judicial circuit of the State, among which was the county of White, and fixing the times in that county on the first Monday of January, the first Monday of June and the first Monday of October.

Afterward, the General Assembly passed an act, approved April 19, 1881, to amend section 3 of said act of 1879, by the first section of which amendatory act it was enacted, "that section.three (3) of an act entitled 'An act concerning circuit courts, and to fix the time for holding the same in the several counties in the judicial circuits in the State of Illinois, exclusive of Cook county,' approved May 24, 1879, and in force July 1, 1879, be amended to read as follows,"—then setting out said section 3 *verbatim*, except in regard to White county, it fixing the times of holding the courts in that county on the first Monday of January, the second Monday of March, the first Monday of June and the first Monday of October, and making some change as to the kinds of business to be transacted at the January and June terms.

A further amendatory act was passed by the General Assembly, approved June 29, 1885, which, by its first section, enacted, "that sections two (2), three (3) and ten (10) of an act entitled 'An act concerning circuit courts, and to fix the time for holding the same in the several counties in the judicial circuits in the State of Illinois, exclusive of the county of Cook,' approved May 24, 1879, as amended by an act approved

and in force April 19, 1881, be amended to read as follows,"—setting out in words the reading, it fixing the times of holding the circuit court in White county on the first Mondays of January, June and August, and devoting the June term, only, to the transaction of the special business named in the prior amendatory act.

A still further amendatory act of the General Assembly, approved June 30, 1885, by its first section enacts, "that section 3 of an act entitled 'An act concerning circuit courts, and to fix the time for holding the same in the several counties in the judicial circuits in the State of Illinois, exclusive of Cook county,' approved May 24, 1879, in force July 1, 1879, be and the same is amended so as to read as follows,"—setting out in words the entire section as amended to read, and it fixing the times of holding the circuit court in the county of White on the first Monday of January, the second Monday of March, the first Monday of June and the first Monday of October. This is the last act upon the subject.

It is contended that the act of June 29, 1885, is still in force, and that there is still a legal August term of the circuit court in White county, as that act prescribed there should be; that there has been no express repeal of that act, and that all the effect of the act of June 30, 1885, was to give two additional terms, making five terms of the court to be held in that county, one of them being the August term provided for by the act of June 29, 1885. There is an inconsistency between these two acts, and they can not stand together, and the later act of June 30, being the last expression of the legislative will, must prevail. (*Kepley et al.* v. *The People, ante,* p. 367.) By the amendatory act of June 30, 1885, the statute of 1879, fixing the times for holding the circuit courts, is made to read, that the times for holding the circuit court in the county of White shall be on the first Monday of January, the second Monday of March, the first Monday of June and the first Mon-

day of October. This means, that these, and no other, shall be the times for holding the circuit court in that county.

On June 29, 1885, by force of the amendatory act of that date, the statute of 1879 did read, that the times for holding the circuit court in White county should be on the first Mondays of January, June and August. But after June 30, 1885, that statute of 1879 did not so read. By the amendatory act of June 30, section 3 of the statute of 1879 was "amended so as to read as follows,"—setting out the reading. Thereafter the reading of this section 3 of the statute of 1879 was as thus written in the amendatory act of June 30, 1885, that it should read, and not otherwise. There could not afterward be read, in any statute, a provision for an August term of the circuit court in White county. That provision which had been made to read as in the statute of 1879, was expunged from it and repealed by the last amendatory act of June 30, which enacted that the statute of 1879 should read without that provision. Such form of amendment of a section of a statute, that it shall be "amended to read as follows,"—setting out in words how it shall read,—of necessity repeals all of the section, as it before stood, which is left out of and is not included in the reading which is written in the amendatory act for the section to have. *The People* v. *Young,* 38 Ill. 490; *Kepley et al.* v. *The People, supra.*

We can come to no other conclusion, from the legislative acts above, than that, in 1887, there was no August term of the circuit court of White county provided by law; that the provision for such term by the amendatory act of June 29, 1885, was repealed, by implication, by the amendatory act of June 30, 1885, and that the court below acted without jurisdiction to try and determine the cause. The judgment must therefore be reversed.

*Judgment reversed.*