CORNELIA S. PERRY

v.

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENTS—*sufficiency of certificate of publication in special assessments.* A publisher's certificate that a notice to owners in proceedings for a public improvement was published "five successive days" in a daily newspaper, giving the dates of the first and last publications as seven days apart, is not defective, as showing that the publication was on but five days and therefore not successive ones, but sufficiently shows that the notice was published seven days successively.

2. SAME—*notices in special assessments must be mailed ten days before term.* By construction, section 27, article 9, of the Cities and Villages act, concerning notice, requires notices to owners to be mailed ten days before the first day of the term at which the final hearing in a proceeding for a special assessment is to be had.

3. SAME—*what would be a reasonable time for mailing notices.* If the statute requiring the mailing of notice of an assessment for public improvements to the owner were construed to require such mailing a *reasonable time,* only, before the first day of the term at which the hearing is to be had, less than ten days would not be such reasonable time.

4. APPEALS AND ERRORS—*presumption as to notice where evidence is not preserved.* Upon appeal from a judgment against lands for a special assessment, it will be presumed, in support of the judgment confirming such assessment, that the trial court had before it evidence that notice was mailed to the owner in sufficient time before the hearing, where neither the judgment nor the evidence upon which it was rendered is in the record.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

H. S. MECARTNEY, for appellant:

The rule of law governing substituted service, which is the only kind provided for in special assessment proceedings, is, that it depends for its validity upon its strict conformity to the statute by which it is authorized. Wade on Notice, (2d ed.) p. 539, sec. 1030 ; *Mining Co.* v. *Marsano,* 10 Nev. 370 ; *Likens* v. *McCormick,* 39 Wis. 313 ;

*Chicago* v. *Railroad Co.* 20 Ill. 286 ; *Chicago* v. *Wright,* 32 id. 192 ; Cooley on Taxation, 267.

Publication for five successive days is not shown by the publisher's certificate, and the defect is fatal, and the county court obtained no jurisdiction to proceed and enter judgment of confirmation against the property of this appellant. *Evans* v. *People ex rel.* 139 Ill. 552 ; *Rich* v. *Chicago,* 59 id. 286 ; *Rice* v. *Chicago,* 60 id. 388 ; *Weckler* v. *Chicago,* 61 id. 142.

The question of the validity of judicial acts performed on statutory legal holidays, while it has never been before this court, has been passed upon by the highest courts of many of the States, and they have upheld the validity of court proceedings and judicial acts on such days. *State* v. *Moore,* 104 N. C. 743 ; *Babbitt* v. *State,* 87 Ala. 91 ; *Pfister* v. *State,* 84 id. 432 ; *Homer* v. *Sears,* 81 Ga. 288 ; *Ostertag* v. *Galbraith,* 23 Neb. 730 ; *Carter* v. *King,* 23 id. 540 ; *Mutual Benefit Ass.* v. *Miller,* 85 Ky. 88 ; *Hadley* v. *Musselman,* 1 West, 490 ; *Bear* v. *Youngman,* 1 id. 399.

No court has held more closely to the dogma that a record imports verity, when attacked collaterally, than has this court. *Harris* v. *Lester,* 80 Ill. 307 ; *Ralston* v. *Wood,* 15 id. 159.

If the element of "reasonable time" enters into this mailing of notice, is it not necessary that the affidavit show this element, or that the record show that some other evidence of the reasonableness of the notice was heard? Wade on Notice, secs. 1030, 1365, 1371 ; *Draper* v. *Draper,* 59 Ill. 119 ; *Rex* v. *Smith,* L. R. 10 Q. B. 604.

Reasonable notice of court proceedings implies sufficient time in which to secure counsel and prepare to have one's interest cared for. *Kipton* v. *Glover,* 41 Vt. 283.

Where any other mode of obtaining jurisdiction is substituted for personal service, the statutory method must not only be followed in every essential particular, but unless the return affirmatively shows this, any judgment rendered by default should be treated as a nullity. *Rail-*

*road Co.* v. *Smith,* 78 Ill. 96 ; *Pollard* v. *Wagner,* 13 Wis. 569 ; Wade on Notice, sec. 1371.

JOHN F. HOLLAND, and HARRY RUBENS, Corporation Counsel, for appellee :

The attack made by appellant on the judgment of confirmation is a collateral attack, and unless it appears affirmatively from the record that the court did not have jurisdiction to enter the judgment of confirmation, appellant is bound by the judgment. *Falch* v. *People ex rel.* 99 Ill. 137.

Per CURIAM:   This is an appeal by Cornelia S. Perry from a judgment of the county court of Cook county, overruling her objections to and rendering judgment on the application of the county collector for judgment against certain lands of appellant for a certain special assessment which had been assessed against said lands, and for which they had been returned as delinquent. The evidence given in support of her objections shows that she did not appear in the assessment proceedings in the county court, and that the judgment confirming the assessment was rendered against her lands by default, and the substance of her objections as filed in the court below, as well as of her contention in this court, is, that in the assessment proceeding the court failed to acquire jurisdiction, for the reason that the notice required by the statute was not mailed and published for the length of time required by law before the term of the court at which the hearing was to be had.

The first question raised involves the sufficiency of the certificate showing that the notice required by the statute to be published had been published at least five successive days in some daily newspaper.   The certificate in this case made by the publisher is, that the notice attached had been published five successive days in the *Chicago Mail,* a daily newspaper, etc., and that the date of the first paper containing the published notice was

the 30th day of December, 1892, and the date of the last paper containing the same was the 5th day of January, 1893. From the first date of publication to the last a period of seven days is covered, and the contention of appellant is, that as the dates of the first publication and of the last are given, and the fact of five successive days' publication is certified to, it was published but five days, and therefore two days of the seven did not contain such publication, and hence it could not have been published five successive days. The certificate of the publisher is made *prima facie* evidence of the facts certified, and the language used in the certificate will not bear the construction contended for by appellant. The certificate is, that the notice was published five successive days, and the presumption from the certificate would be that it was published seven days successively. The certificate that it was published five successive days is *prima facie* evidence that it was so published, when the first and last days of publication are given, and that or a greater length of time elapses between the first and last days given.

It is next contended that it was not shown that the statutory notice was mailed to the owners of the land a sufficient length of time before the hearing, as required by the statute. The affidavit of one of the commissioners that he had mailed the notice required by the first paragraph of section 141, was sworn to on the fifth day of January, 1893,—four days before the term of court at which appellant's default and judgment of confirmation were entered. That notice does not state when the notices required to be mailed were placed in the post-office.

It is urged by appellant that the construction of this statute is, that such notice should be mailed at least ten days before the first day of the term at which a final hearing shall be had, while counsel for the People insist that the statute does not fix any time, and that therefore it is only required that the notices to be sent by

mail to the owners of premises assessed shall be mailed a reasonable time before the first day of the term, and that four days would be a reasonable time. After further consideration, on rehearing, we are of the opinion that under the statute the notices must be mailed at least ten days before the first day of the term at which the final hearing is to be had. The statute provides (art. 9):

"Sec. 27. It shall also be the duty of such commissioners to give notice of such assessment, and of the term of court at which a final hearing thereon will be had, in the following manner: .

"*First*—They shall send by mail to each owner of premises assessed, whose name and place of residence is known to them, a notice substantially in the following form:

"Mr.................: Your (here give a short description of the premises) is assessed $.... for public improvement. The assessment roll will be returned to the ............ term of the county court of ...... ..... county.    ..........................
(Here give date.)    Commissioners.

"*Second*—They shall cause at least ten days' notice to be given, by posting notices, etc., stating how they shall be posted and published, and giving the form of notice, which form of notice recites that 'an assessment thereof having been made *and returned to said court,*'" etc.

The question raised is a jurisdictional one, for no valid judgment could be rendered confirming the assessment until the notice required by the statute had been given in the manner and for the length of time prescribed. The requirement that the commissioners should send notices by mail to the owners of premises assessed could no more be dispensed with than the requirement that they should post and publish notices of the assessment, and when and where it would be heard. And it would seem, from the statute, that the mailing of the notices would most properly be the first step to be taken by the commissioners in giving the statutory notice, for

it is named first in the order of successive steps pre-
scribed, and the form of notice to be mailed is given, and
states that the assessment roll *"will be returned,"* while
another form is prescribed for the notice to be posted
and published, which states that the assessment roll *"has
been returned."*   No distinction is made between residents
and non-residents, but it would seem to be a reasonable
inference, in view of the legislation requiring the mailing
of notices to non-residents in other proceedings affecting
their property rights, that it was intended that the mail-
ing of notices of the assessment to the owners whose
names and places of residence are known, and stating
when and where the assessment roll will be returned,
shall at least be a substantial and effectual part of the
means employed to inform non-residents, as well as resi-
dents, in apt time, of the proceedings by which their
property interests will be affected.   And in the absence
of any express provision having such an effect, it can
hardly be imputed to the legislature that it intended to
require the mailing of notices to the owners, but at the
same time intended to authorize the commissioners to
mail them so short a time before the hearing as that they
will prove ineffectual in giving the proper information
within sufficient time to enable the owners to appear and
defend against the assessment.

What is a reasonable time, is, we think, indicated by
the statute; and even if the statute should be construed
as requiring the mailing of notices to the owners a rea-
sonable time, only, before the first day of the term, we
would not be disposed to hold that less than ten days
would be such reasonable time.   But from the language
of the provisions of the statute, and the purpose intended
to be subserved by the mailing of notices to the owners,
we are constrained to the opinion that the statute re-
quires that such notices shall be mailed at least ten days
before the first day of the term at which the hearing is
to take place.   From the affidavit of the commissioners

given in evidence it does not appear when the notices were mailed, nor does it otherwise appear from this record. The affidavit was sworn to only four days before the first day of the January term, and stated that the commissioners did cause to be sent by mail to the owners, etc., the notice required by law to be sent by mail to the owners of premises assessed. Whether the court had before it in the special assessment proceedings any further evidence as to when these notices were so sent by mail, we have no means of knowing. The record, in full, of the assessment proceedings was given in evidence in this case in the court below by the objector, but it is stated in the bill of exceptions that "for the sake of abbreviating the record a copy thereof in full is omitted, but it is conceded by counsel and found by the court that the said confirmation as to the property mentioned in the objections of said objector, Cornelia S. Perry, was entered by default." The judgment of confirmation is not contained in this record and we have no means of knowing what its recitals or findings were, except that as against the lands of appellant it was entered by default. It may be that the court, in the special assessment proceeding, had before it ample evidence, aside from the affidavit of the commissioners, showing that the notices had been mailed more than ten days before the first day of the term at which the hearing in that proceeding was had, and the judgment of confirmation may have expressly so found. The bill of exceptions states that this judgment was given in evidence, but fails to state what its findings were on the question of notice or of jurisdiction. It shows, on its face, that it does not contain all the evidence received and considered by the trial court, notwithstanding its recital that "the foregoing was all the evidence offered by any of the parties to this cause." A part of such "foregoing" evidence must be understood as embracing the judgment of confirmation, which is expressly omitted.

There is nothing in the affidavit of the commissioners tending to show they did not mail the notices in proper time, and if the judgment of confirmation contained the usual findings showing jurisdiction, the judgment of the trial court in this cause was supported by the evidence. In this state of the record it must be presumed that the trial court had before it in the judgment of confirmation sufficient evidence to show that the court had jurisdiction in the special assessment proceedings. The judgment must therefore be affirmed.          *Judgment affirmed.*