| 159 | 321 |
| 166 | 65 |

## FRANK KIRCHMAN *et al.*

*v.*

## THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 20, 1896.*

1. On the question of sufficiency of the certificate of publication this case is controlled by *Hertig* v. *People*, (*ante*, p. 237.)

2. JUDGMENTS AND DECREES—*effect of recital of due notice in judgment.*   Recital in a default judgment of confirmation that the commissioners "have complied with all the requirements of the law as to posting and sending notices to the owners of property assessed," etc., will sustain such judgment against a collateral attack in an application for judgment of sale for the delinquent assessment, based on insufficiency of such notice.   *Perry* v. *People*, 155 Ill. 307, followed.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellants.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an application by the county treasurer of Cook county for a judgment of sale against certain lands of appellants and others upon a delinquent special assessment. This appeal is from the judgment rendered upon that application.

Two objections are urged to the judgment, the first of which is that the certificate of publication of the delinquent list is insufficient. Precisely the same question is found in *Hertig* v. *People ex rel.* (*ante*, p. 237,) where it is decided adversely to appellants.

The second objection is, that in the record of the confirmation proceeding it does not appear that the commissioners gave ten days' notice of the application for judgment of confirmation. In the confirmation proceeding no objections were filed by appellants and no bill of exceptions was taken. The judgment was by default. The record of the judgment of confirmation recites: "It appearing to the court that the commissioners heretofore appointed to make said assessment have complied with all the requirements of the law as to posting and sending notices to the owners of the property assessed, and that due notice, as required by law, has been given of this application, and of the making and return of the said assessment, and of the time for the final hearing thereon," etc. There is nothing in the affidavit of the commissioners tending to show that the notices were not mailed in proper time, and in view of the findings of the county court in the confirmation proceeding it must be presumed that court had before it evidence to show that the notices were mailed in apt time. This case, upon that point, is governed by *Perry* v. *People*, 155 Ill. 307.

The judgment is affirmed.

*Judgment affirmed.*