WILLIAM R. MERRIAM *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896.*

1. SPECIAL ASSESSMENTS—*a subsequent statute does not affect the proceedings.* An ordinance passed for a special assessment and proceedings instituted for its confirmation before the act of 1893 (Laws of 1893, p. 78,) was passed changing the number of installments, are unaffected by said act.

2. APPEALS AND ERRORS—*presumption, on appeal, in favor of jurisdiction of trial court.* On appeal from a judgment of sale of property for a delinquent special assessment, where the judgment of confirmation is not contained in the record so the findings upon notice and jurisdiction may be known, it will be presumed that the court heard evidence of the proper posting of notices, aside from an affidavit of that fact which was permitted to be filed *nunc pro tunc.*

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

CHARLES T. MASON, for appellants.

HENRY R. PEBBLES, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from the judgment of sale rendered by the county court of Cook county upon the second delinquent installment of the assessment confirmed by the county court of Cook county on July 12, 1893, against the property of appellants, in a proceeding to assess the cost of constructing a system of water supply-pipes in Hawthorne, Clyde and Morton Park, in accordance with the provisions of an ordinance of the town of Cicero, passed and approved April 22, 1893.

The ordinance providing for the improvement made the assessment payable in five installments, as provided by the act of 1887, as amended by the act of 1891. This

statute was in force at the time the ordinance was passed, but on July 1, 1893, an act providing for a division of an assessment into installments of not more than ten in number went into force, which has been held to operate as an amendment to the previous act. (*English* v. *City of Danville,* 150 Ill. 92.) Appellants contended that the court had no jurisdiction to confirm the assessment roll made and returned pursuant to the provisions of said ordinance, after the act of 1893 went into effect. The petition was filed in the county court May 26, 1893. The act of 1887, as amended in 1891, was in force when the ordinance was passed and the proceedings instituted, and they were unaffected by the amendment of 1893.

After the confirmation of the assessment, the court, at a subsequent term, permitted an amended affidavit of the posting of notices to be filed *nunc pro tunc* as of the day of such posting, June 30, 1893. It is insisted by appellants that the court had no jurisdiction to permit such amendment after the return term. The objection cannot avail appellants. It appears that all the files and records in the proceedings for the confirmation of the assessment roll were offered and admitted in evidence, and that the confirmation as to all the property of appellants was entered by default, no objection having been filed or appearance entered in said confirmation proceeding. But the judgment of confirmation is not contained in the record, and it is not shown what its findings were on the question of notice or of jurisdiction. The affidavit was not the only means of proving the posting of notices, and in the absence of the judgment it will be presumed that the court had before it, in the judgment of confirmation, evidence aside from the affidavit showing such fact. *Perry* v. *People ex rel.* 155 Ill. 307.

The judgment will be affirmed.          *Judgment affirmed.*