## LEVIN T. PALMER et al.
### v.
## THE CITY OF DANVILLE.

*Filed at Springfield April 3, 1897.*

1. STATUTES—*when amendatory act repeals amended statute.* An amendatory act which declares that a section of a statute be amended to read as therein provided, operates to repeal the original and substitute the amendatory section, and in the absence of a saving clause the section repealed must be considered, except as to proceedings past and closed, as if it had never existed.

2. SPECIAL TAXATION—*operation of amendatory act of 1895 concerning special taxation.* Where a special tax levy made prior to the amendment of section 17, article 9, of the City and Village act, (Laws of 1895, p. 100,) has been declared invalid, upon proceedings being taken, after the amendment, to re-assess the tax, owners of property taxed may have a jury pass upon the question of benefits.

3. SAME—*extent of city contractor's vested right in special tax.* The vested right of a city contractor to have the city proceed to levy a special tax to pay for an improvement is not affected or impaired by a statutory change in the method of apportioning the tax among the lots subject thereto.

4. SAME—*amendment of 1895 does not inject new hazard into contracts then in force.* The amendatory act of 1895 giving the owners of property specially taxed the right to a hearing by a jury on the question of benefits, does not inject any new hazard into contracts for improvements, to be paid for by special taxation, in force before the passage of the act.

5. SAME—*discretion of city council will not be disturbed in absence of abuse or fraud.* An objection to the confirmation of a special tax for sewer and water connections that the city paid too much for the connections is properly overruled, in the absence of any allegation of favoritism, fraud or gross abuse of the council's discretion.

6. SAME—*railroad right of way may be specially taxed on basis of frontage.* A railroad company's right of way contiguous to a street may be specially taxed for its improvement on a basis of frontage.

WRIT OF ERROR to the County Court of Vermilion county; the Hon. JOHN G. THOMPSON, Judge, presiding.

D. D. EVANS, and KIMBROUGH & MEEKS, for plaintiffs in error.

G. F. REARICK, City Attorney, (CALHOUN & STEELY, of counsel,) for defendant in error.

Per CURIAM:  This is a writ of error to the county court of Vermilion county, to review a special tax proceeding to pay for sewer and water connections with the property situated on Main street, in the city of Danville. The previous judgment to pay for the same improvement was reversed by this court because the cost of the improvement was not apportioned upon any principle or rule of equality, such as the frontage, area or value of the respective lots, and the cause was not remanded.

The original ordinance for the improvement was passed in November, 1890.   On October 24, 1895, the city council passed an ordinance providing for the re-assessment of the special tax for making the improvement. This ordinance recited the passage of the prior ordinance, the former proceedings in the county court, the reversal of the judgment by this court, the making of the contracts and the completion of the work, and provided for re-assessment of the special tax to pay for the improvement, which was to be levied, assessed and collected upon the abutting lots in proportion to the frontage.   Section 1 of this ordinance re-adopted sections 1, 2 and 3 of the former ordinance, and provided that the cost of the improvement at intersections, and the residue, if any, over and above the amount realized from the special tax, should be met by general taxation.   The county court appointed commissioners, and on the return of the roll objections were filed by the plaintiffs in error.   The court, after modifying the roll in certain particulars, confirmed the same.

Plaintiffs in error first ask a consideration of the second and fourth objections of Levin T. Palmer.  By motion of the petitioner these objections were stricken from the files, and the right to have the question of benefits submitted to the review and determination of the court and

a jury, the same as in special assessment cases, was thereby denied. The second objection was, that the real estate of Palmer was assessed $594.83, which was five times the amount of the benefit received, and that the benefit did not exceed $60 to his property. The fourth objection was, that by the statute in force July 1, 1895, the objector was given the right to have the question of the amount of benefits received inquired into by a jury, and that the tax assessed against his real estate was $250 in excess of the benefits received, wherefore he asked that the matter be submitted to a jury. The question raised upon these objections is, whether the proceeding was governed by the statute in force at the time of the proceeding or by the section of the statute which had then been repealed by an amendatory act.

Prior to July 1, 1895, an ordinance of the city council levying a special tax was conclusive as to benefits, but the law in this regard was changed at that time by amendment of section 17, article 9, of the act for the incorporation of cities and villages. (Laws of 1895, p. 100.) By that act section 17 was amended so as to read as follows: "When said ordinance under which said local improvement shall be ordered shall provide that such improvement shall be made by special taxation of contiguous property, the same shall be levied, assessed and collected in the way provided in the sections of this act providing for the mode of making, levying, assessing and collecting special assessments: *Provided*, that no special tax shall be levied or assessed upon any property to pay for any local improvement, in an amount in excess of the special benefit which such property shall receive from such improvement. Such ordinance shall not be deemed conclusive of such benefit, but the question of such benefit and of the amount of such special tax shall be subject to the review and determination of the county court, and be tried in the same manner as in proceedings by special assessments."

Special taxes rest upon special benefits received by the property on which the burden is imposed, but prior to this amendment the power to determine the amount of such benefits was vested in the city council, and its exercise was not ordinarily subject to review. In case of special assessments the question might be reviewed by the court and a jury, and by this amendment the special tax was also made subject to like review. There was no saving clause in the amendatory act, and the statute thereby repealed must be considered, except as to proceedings passed and closed, as if it never had existed. (*Illinois and Michigan Canal Comrs.* v. *City of Chicago,* 14 Ill. 334; *Blake* v. *Peckham,* 64 id. 362; *Holcomb* v. *Boynton,* 151 id. 294.) The amendatory act declared that the statute should be amended to read as therein provided, and this operated to repeal the original section and to substitute the amendatory section. *People* v. *Young,* 38 Ill. 490; *Kepley* v. *People,* 123 id. 367; *Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 id. 656.

It is insisted, however, that the legislature could not repeal the statute and adopt a new system for determining the amount of special benefits, because the contractors were interested and had vested rights in the tax. It is said that to change the method of inquiring into the amount of benefits to flow from the improvement would interject into the contracts a new risk or hazard, and that the amount of the benefits had already been determined before the passage of the act, and the contractors had a right to rely upon that fact. It is admitted that the city itself can have no vested right to have the laws remain unchanged. So far as the contractors were concerned the tax had not been determined previous to the substitution of the amended section. The manner in which it had been attempted to fix the benefits had been set aside by this court as illegal, and the first proceeding to determine such benefits in conformity with the law was after the adoption of the amendment. The right

of the contractors that the city should proceed to levy according to law and some principle of equality the special tax to pay for the improvement was not impaired.

Defendant in error relies upon section 46 of article 9, providing for a new assessment in which all parties in interest shall have like rights as were given in relation to the first assessment. The right of the contractor in the first or any subsequent assessment is as above stated, and the change in the procedure and method of apportionment among the lots did not affect that right.

The court erred in striking the second and fourth objections from the files.

In addition to the printed objections the Wabash Railroad Company filed specific objections that its real estate was nearly all a part of its right of way, and was covered by its track, side-tracks, turn-outs, switches and switch-stands, to which real estate the improvement was and could be of no benefit whatever. This question it had a right to have reviewed and determined. The objection was stricken from the files by the court on motion of petitioner, and this action was erroneous.

The fifth objection of Levin T. Palmer is, that the city paid too much for the connections; but there is no allegation of favoritism, fraud or gross abuse of the discretion vested in the city council, and the mere allegation that the price was too high was insufficient. It was not error to strike from the files the objection.

Some special objections of the Wabash Railroad Company raise the question whether the railroad property can be specially taxed on the basis of frontage. This question has been settled adversely to the claim of the objector. *Chicago and Alton Railroad Co.* v. *City of Joliet,* 153 Ill. 649.

Other objections raise the same questions that were previously raised and decided against the claims of the objectors when the former special tax was set aside, and they will not be again noticed.

Exception is also taken to the fact that the ordinance provided that no sewer or water connection should be put in where the same was already provided, and .it is insisted that this exception opens the way to favoritism and fraud, and vitiates the ordinance. There was no discretionary power vested in any one by the ordinance as in the case referred to by counsel, and the provision was certainly equitable. We see no objection to it.

The other property owners filed objections adopting as their own the exceptions and objections interposed and filed in the proceedings by Levin T. Palmer, so far as they were applicable and not antagonistic to their interests. It is now contended that these objections were not sufficiently specific to raise any question for the decision of the court, and that as to the property of these objectors the judgment must be affirmed. The case seems to have been tried below upon the theory, without it being so expressed, that the judgment was to be determined by the result of the trial upon the objections as filed by Palmer,—the Wabash Railroad Company, however, objecting upon different grounds. No question seems to have been made in the county court that the objections as filed by the other property owners were not sufficiently specific, and the court's attention was not directed to that point. The real contest in the case as tried, aside from the issues raised by the objections of the railroad company, was between Palmer and the city, and the other property owners were, from the tacit acquiescence in their adoption of Palmer's objections as applicable to their own property, justified in their apparent understanding that the principle which should be adopted by the court in its judgment upon the questions raised by Palmer would be applied to their property as well. In this state of the record we do not feel called upon to pass upon the question discussed by defendant in error as to the sufficiency of these objections,—that is, as to whether or not they were sufficiently specific.

Our attention is called to *Merriam* v. *People ex rel.* 160 Ill. 555, as holding that the proceedings under the ordinance were unaffected by the amendatory act. But it will be observed that there is a material distinction between the two cases. By the act of 1893 a special assessment might be divided into installments in the ordinance providing for the improvement, and in the *Merriam case* an ordinance had been passed providing for the assessment and its division into five installments, in compliance with the act then in full force. When the subsequent act was passed the division into installments had been made and the terms of their payment had been fixed by a valid law, and the transaction was therefore past and closed. It was not a question of mere procedure, but affected the substantial rights of the parties. In the case at bar the question was one of procedure, merely.

For the error in striking from the files the objections that the property taxed was not benefited to the amount of the tax, and denying the right of review as provided for in the statute in force as amended at the time of the proceeding, the judgment of the county court is reversed and the cause remanded.          *Reversed and remanded.*