S. A. MAXWELL *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 17, 1900.*

1. SPECIAL ASSESSMENTS—*record of proceedings should show when notices were mailed.* Notices of confirmation should be mailed to property owners ten days before the first day of the return term, and that fact should appear from the affidavit. (*Sheridan* v. *City of Chicago,* 175 Ill. 421, followed.)

2. SAME—*when bill of exceptions is not necessary to show provisions of ordinance.* Whether an ordinance is insufficient in its description may be determined by a court of review where a copy of the ordinance is attached to the assessment petition, since such copy is part of record. (*Lundberg* v. *City of Chicago,* 183 Ill. 572, followed.)

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for plaintiffs in error.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error was sued out by S. A. Maxwell and others to reverse a judgment of the county court of Cook county confirming a special assessment for grading, paving and curbing Wabash avenue from Sixty-sixth street to Seventy-first street. The proceedings were confirmed by default except as to the property of S. A. Maxwell and Helen Maxwell, and their objections having been overruled, the assessment on their property was also confirmed.

The errors assigned by all the plaintiffs in error are, that the ordinance is invalid because it does not give the height of the curb; and by all except S. A. and Helen Maxwell, that the record does not show when the notices were mailed to the land owners. The Maxwells, who appeared, waived this defect in the notice, but as to the other plaintiffs in error the error is well assigned. The notices should have been mailed ten days before the first day of the return term, and it should have been shown by the affidavit that they were so mailed. *Perry* v. *People,* 155 Ill. 307; *Sheridan* v. *City of Chicago,* 175 id. 421.

Defendant in error does not contend that the ordinance as set out in the petition is sufficient, but insists that the ordinance is no part of the petition, and that in the absence of a bill of exceptions the court cannot know what the provisions of the ordinance were. We have held otherwise. (*Lundberg* v. *City of Chicago,* 183 Ill. 572; *Holden* v. *City of Chicago,* 172 id. 263.) This insufficiency of the ordinance is an error available to all of the plaintiffs in error. The judgment, as to their respective lots and property, is reversed and the cause remanded.

*Reversed and remanded.*