PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* OGLESBY ET AL.

[No. 20,598.   Filed November 28, 1905.]

1. STATUTES.—*Liabilities Created.*—*Repeal.*—Where a statute under which a liability has accrued has been repealed, and the repealing act does not provide for the extinguishment of such liability, the repealed statute will be treated as still in force for the purpose of sustaining any proper action for the enforcement of such liability. p. 546.

2. STATUTES.—*Repeal.—Liabilities.—Remedy.* — Where a new statute does not take away liabilities existing under former statutes, but provides a substantially similar remedy for the enforcement thereof, jurisdiction proceeds under the later act where the acts are dissimilar. p. 546.

3. MUNICIPAL CORPORATIONS.—*Street Assessments.—How Made. —Statutes.*—Since the taking effect of the act of 1901 (Acts 1901, p. 534, §§3623a-3623h Burns 1901) the cost of a street improvement must be apportioned by the city commissioners, and an assessment made by the council on the engineer's report is void. p. 547.

4. SAME.—*Street Assessments.—Gross Sum on Two Lots.*—An assessment made in a gross sum upon two separate lots is invalid. p. 547.

5. CONTRACTS.—*Covenants.—Municipal Corporations.—Railroads. —Deeds.—Consideration.—Freedom from Street Assessments.*— A covenant, in a deed from a railroad company to a municipal corporation, that in consideration of the conveyance of land for a street, such municipal corporation would never impose any assessment for street improvements against the lands of such railroad company bordering on such street, is *ultra vires* and void. p. 548.

From Fayette Circuit Court; *Ferdinand S. Swift,* Judge.

Suit by Joseph E. Oglesby and another against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. The city of Rushville was impleaded. From a decree in favor of plaintiffs and the city of Rushville, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed in part. Affirmed in part.*

*John L. Rupe,* for appellant.

*Conner & Conner* and *Smith, Cambern & Smith,* for appellees.

MONTGOMERY, J.—This action was brought by appellees Oglesby and Kelly to foreclose a lien upon appellant's property on account of street improvements made by them as contractors under a contract with the appellee city of Rushville. Appellant's demurrer to the complaint for statutory causes was overruled, and an answer in two para-

graphs filed. The first paragraph of answer was a general denial, and the second alleged, among other things, that appellant's predecessor was, on the 20th day of December, 1882, the owner in fee of a certain tract of ground in the city of Rushville in use for depot purposes, and that said city desired to extend one of its streets through said grounds, which extension could not then be lawfully accomplished by condemnation proceedings; that to secure the extension and opening of said street said city contracted for a strip of ground sixty-six feet in width across said depot lot, and received a conveyance therefor from appellant's predecessor and then owner of such ground, in which it was stated that "this grant is made upon the express condition and understanding, which is also the consideration for the same, that neither the said grantors, nor any portion of the depot lot mentioned herein, shall be charged now or hereafter with any expenses connected with the extension of Ruth street through said lot, nor for the maintenance of that portion of the street so extended through said lot, but that said parties and said property shall be forever free and exempt from liability and expenses in that connection;" that said deed was duly accepted and caused to be recorded by the proper officers of the city, a copy of which deed was filed with the answer; that the city entered into possession of the ground under said deed, and extended, opened and improved said street at its own expense, and has ever since held and used the same under said deed, and by no other right or title; that appellant relied upon the good faith of the covenants of said deed, and made no objection to said proposed improvements, but that said city of Rushville, in violation of the terms of said deed, had unlawfully attempted to assess appellant's property for the improvement of said street through its depot grounds, to its great damage; that a complete determination of the rights of the parties could not be had without making the city of Rushville a party. Wherefore it was prayed that said city be made

a party, and that the assessment against appellant's property be adjudged unlawful, and be held against the city only.   The court ordered the city to be made a party to the action, and thereupon appellant filed a cross-complaint against appellees, Oglesby, Kelly and said city, alleging in substance the same facts as those contained in the second paragraph of answer.   The demurrer of the city of Rushville to the cross-complaint, and the demurrers of Oglesby and Kelly to the answer and the cross-complaint, were all sustained by the Rush Circuit Court.   The venue was changed to the Fayette Circuit Court, where the cause was tried by the court, and a special finding of facts made, and conclusions of law stated thereon in favor of appellees.

The assignment of errors challenges the rulings of the court upon the demurrer to the complaint, the second paragraph of answer and to the cross-complaint, and also the correctness of the court's conclusions of law.

It appears from the complaint that the ordinance by which the improvements in question were authorized and made was passed on the 18th day of January, 1901, all notices were duly given, and the contract was awarded to appellees Oglesby and Kelly, and on May 6, 1901, a contract in writing between them and the city for the performance of the work was formally executed.   On July 16 the city engineer filed his report showing the completion of the work and an apportionment of the costs, which was set for hearing on August 2, and proper notice given; and on August 6, 1901, the council approved the report and confirmed the assessments as therein made,  and  assessed  appellant's property  abutting  upon said  improvement  in the gross amount of $320.04, which property was described as follows: "Beginning at the southeast corner of lot No. 1, in Smith & Carr's addition to the town, now city, of Rushville, Indiana; thence south 76 feet; thence west 251 feet and 8 inches; thence north 76 feet; thence east 251 feet and 8 inches to the beginning.   Also, beginning at the southeast

corner of lot No. 7, in said Smith & Carr's addition; thence south 76 feet; thence west 89 feet and 11 inches; thence north 76 feet; thence east 89 feet and 11 inches to the beginning."

On May 15, 1901, the new law upon the subject of street improvements, which had been theretofore passed and approved, went into effect. Acts 1901, p. 354, §§3623a-3623h Burns 1901. The new statute repealed conflicting provisions of the Barrett law, under which the preliminary proceedings were had and the contract let for this improvement, and made no provision with regard to pending proceedings. The method of apportioning and assessing, and also of collecting the costs of such improvements, was changed by the new act.

Appellant insists that the averment of facts in the complaint is insufficient to show that a statutory lien was perfected against its property, because the proceedings were all had in accordance with the provisions of the Barrett law, notwithstanding its repeal, and were not made to conform to the new law after it went into effect. It is settled law in this State, both by legislative action and by judicial determination, that, where a statute under which a liability has accrued has been repealed, and the repealing act does not provide for the extinguishment of such liability, the repealed statute will be treated as still in force for the purpose of sustaining any proper action for the enforcement of such liability. §248 Burns 1901, §248 R. S. 1881; *Bruce v. Cook* (1894), 136 Ind. 214; *Crawford v. Hedrick* (1894), 9 Ind. App. 356.

The complaint under consideration does not allege that any work had been done under the contract, or that any liability had accrued, at the time the repealing statute went into effect. If, however, it were shown that work had then been done and remained unfinished, still, in our opinion, this case would not come within the rule just stated, but would be governed, as it is upon the

facts pleaded, by the principle that where new legislation does not take away or impair the previously existing right, nor deny a remedy for its enforcement, but merely modifies the proceedings, while providing a substantially similar remedy, the jurisdiction continues under the forms directed by the later act, so far as the two acts are different. *Mayne* v. *Board, etc.* (1890), 123 Ind. 132; *Moss* v. *State, ex rel.* (1885), 101 Ind. 321; *Palmer* v. *City of Danville* (1897), 166 Ill. 42, 46 N. E. 629; *City of Philadelphia* v. *Gorgas.* (1897), 180 Pa. St. 296, 36 Atl. 868; *Orman* v. *Crystal River R. Co.* (1895), 5 Colo. App. 493, 39 Pac. 434; Elliott, Roads and Sts. (2d ed.), §552; *Commissioners, etc.,* v. *Greene* (1883), 40 Ohio St. 318; *Texas Midland Railroad* v. *Southwestern, etc., Tel. Co.* (1900), 24 Tex. Civ. App. 198, 58 S. W. 152; Sutherland, Stat. Constr., p. 630.

The general rule is that statutes granting authority to levy special assessments against private property must be strictly construed, and the mode of procedure prescribed must be closely followed in all essential details. The new statute required the costs of the improvement to be first apportioned by the city commissioners in proportion to the benefits received, but the assessment sued upon was made by the common council upon the engineer's report, without reference to the city commissioners. This was a material and substantial departure from the method prescribed by the law in force at the time the assessment was made, and sufficient to invalidate the lien declared upon in the complaint.

The lien sued upon is invalid upon its face for the further reason urged by appellant, that the assessment was made for a gross sum against two distinct tracts or parcels of ground, each described by metes and bounds. The statute requires that such assessments be made separately against each tract or parcel of ground benefited by the improvement, and no valid lien is created

by an assessment in gross against more than one of such tracts or lots. *Becker* v. *Baltimore, etc., R. Co.* (1897), 17 Ind. App. 324; *Balfe* v. *Johnson* (1872), 40 Ind. 235. It follows that the court erred in overruling appellant's demurrer to the complaint.

The question presented by appellant's answer and cross-complaint will doubtless arise again, in the event of any further litigation involving this matter, and it is 5. therefore deemed expedient to consider the sufficiency of those pleadings upon this appeal. Appellees maintain that the grant by the roalroad company to the city of ground for use as a street was valid, but that the provision in the deed that the grantor and the remaining portions of the lot should not then or thereafter be charged with any expense connected with the extension or maintenance of that portion of such street was void. It has long been an established principle that private property may be appropriated for a highway when public necessity, convenience or utility requires it. It is quite as essential that such highway be improved and kept in repair as that it be established in the first instance. It has been, and is, the theory of our law that the opening and improvement of a public highway will benefit the abutting and adjacent property, and that such property should be primarily and proportionately liable for the costs and damages occasioned thereby to the extent of such resulting benefits. This was the law in the year 1882, when the deed in question was executed, and it has continued to be the law to the present time. Conceding that the city of Rushville might purchase the title or an easement in land for use as a street, and obligate itself to pay a fair and reasonable compensation therefor, it does not follow that as a part of the consideration it could make a covenant or accept a condition that would annul a provision of its charter, and bind the discretionary judgment of future councils and governing bodies of the municipality. If, in consideration of the grant of such

right, the city might lawfully release one man and his property from future liability for street improvements abutting such property, by the same right it might release all property within its jurisdiction, and thus make street improvements impossible, or subject an entirely different fund to the payment of the costs of such improvements from that provided by law. This provision of the contract was not only contrary to public policy, but in contravention of positive law. So far as the contract attempted to release appellant's property from liability for future improvements upon the abutting street, it was *ultra vires* and void. *Leggett* v. *City of Detroit* (1904), (Mich.), 100 N. W. 566; *Vrana* v. *City of St. Louis* (1901), 164 Mo. 146, 64 S. W. 180; *City of Shreveport* v. *Shreveport City R. Co.* (1901), 104 La. 260, 29 South. 129; Elliott, Roads and Sts. (2d ed.), §148; *Richards* v. *City of Cincinnati* (1877), 31 Ohio St. 506; *City of Des Moines* v. *Hall* (1868), 24 Iowa 234, 241. It follows that the demurrers to appellant's second paragraph of answer and cross-complaint were correctly sustained. Other questions have been discussed, but, as it is not probable that they will arise again, they will not be considered.

The judgment is reversed as to appellees Oglesby and Kelly, with directions to sustain appellant's demurrer to the complaint, and affirmed as to the appellee city of Rushville.