TOWN OF NORTH LIBERTY *v.* DAVIS.

[No. 14,833. Filed January 28, 1936. Rehearing denied May 14, 1936. Transfer denied October 1, 1936.]

*Walter R. Arnold,* for appellant.

*Roy Sheneman,* for appellee.

DUDINE, J.—This is an appeal from a decree and judgment correcting an "easement" executed by appellee to appellant town, and for damages for failure to comply with the terms of said "easement."

The facts alleged in the complaint, which are material here, are as follows: Appellee was the owner of four lots in appellant town of North Liberty, Indiana, which shall hereafter be referred to as town. On the —ᵗ day of November, 1925, the board of trustees of said town determined to construct a sewerage and drainage system for said town. They eventually adopted and ratified plans and specifications for the construction of said sewer system, which provided that the outlet therefor would run through and across appellee's said lots. In lieu of taking legal steps to acquire a right of way for an outlet of said sewer system by condemnation, the town entered into a written agreement with appellee on the 5th day of February, 1926. The provisions of said agreement, which are material here, are as follows:

". . . in consideration of the payment of $1.00 One Dollar and remission of trunk assessment against said four acres by said grantee to the said grantors, the receipt whereof is hereby acknowledged, the said grantors grant to said grantee, its successors and assigns forever the right to construct and maintain a sewer drain and all necessary appurtenances across and upon the land above described."

The sewer system was constructed in accordance with said plans, and eventually the contractor's work was approved and accepted as complete, by the town, and thereafter the town board made out and eventually confirmed an assessment roll which included assessments against appellee's said lots, in the total sum of $322.73. Appellee did not sign the statutory "waiver,' nor did he pay the assessments.

The contractor thereafter brought suit against appellee to foreclose his sewer assessment lien, against

said lots, and obtained such decree, and pursuant thereto said property was sold. The complaint prayed damages in the sum of $500.00.

To this complaint appellant filed a demurrer which charged that the complaint failed to state facts constituting a cause of action. The court overruled the demurrer.

Thereafter appellee filed a second paragraph of complaint, which alleged the following additional facts, to wit:

That prior to the execution of said written agreement appellee and appellant town entered into a verbal agreement whereby he agreed with the town to grant it an easement across said lots for said purpose in consideration that the town "would not assess" said lots in any sum whatever on account of the construction of said sewer system; that it was then agreed between the parties that said oral agreement should be reduced to writing; that the written agreement was drafted by a scrivener employed by the town; that by the mistake of the scrivener and by the mutual mistake of appellee and appellant the written agreement provided for a remission of "trunk assessment" against said lots, whereas it should have recited, "and it was the mutual intention of the parties that it should recite that the benefits to said (lots) . . . would set off the damages (thereto) . . ."

This paragraph of complaint prayed a reformation of said written agreement "that it be made to state the true and correct intention of the parties."

Answers of general denial were filed by appellant. The cause was submitted to the court for trial without a jury, and the court found for appellee that said written agreement be reformed "by striking therefrom the word 'trunk' in the recital of the consideration therein"; that appellant breached said contract, and appellee was dam-

aged thereby in the sum of $500.00. Judgment was rendered accordingly.

Appellant filed a motion for new trial which was overruled, whereupon this appeal was perfected, the errors relied upon for reversal being alleged errors in: 1st, overruling appellant's demurrer to appellee's complaint; 2nd, overruling appellant's motion for new trial.

In support of the alleged error in overruling appellant's demurrer to the first paragraph of complaint, appellant contends that the joinder by the town in ▇ said written agreement was an *ultra vires* act, and therefore void, citing *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, 76 N. E. 165.

In that case the Supreme Court considered a covenant in a deed conveying a strip of ground sixty feet wide, across a certain lot, to a municipal corporation for use as a street, which covenant provided that in consideration of the conveyance of said real estate, such municipal corporation would never impose any assessment for the extension of said street through said lot or the maintenance thereof, and the court held that the covenant was *ultra vires* and void "so far as the contract attempted to release appellant's property from liability for future improvements on the abutting streets."

In that case the court said (p. 548):

"Conceding that the city of Rushville might purchase the title or an easement in land for use as a street, and obligate itself to pay a fair and reasonable compensation therefor, it does not follow that as a part of the consideration it could make a covenant or accept a condition that would annul a provision of its charter, and bind the discretionary judgment of future councils and governing bodies of the municipality. . . . This provision of the contract was not only contrary to public policy, but in contravention of positive law."

We are in accord with said holdings.

We think however that that case is clearly distin-

guishable from the case at bar, and that it is not controlling here. The contract in the case at bar is reasonably subject to the construction that the parties thereby agreed *not* that appellee's lots should be *exempted* from *present* and *future* assessments for the *construction, maintenance* or *repair* of said sewer system—*not* that said property be *exempted* from assessments for the *construction* of said sewer system, but that said property *would be assessed* in the regular way, and that the town would accept said easement at a price equal to the total amount of such assessments against said property, and that the town, in lieu of paying appellee such price, would apply the same in satisfaction of said assessments. That the town had power to buy such an easement for the purpose of constructing a sewer system is specifically provided by Sec. 48-301, Burns 1933, Clauses 2 and 9 (§11358, Baldwin's 1934). The fact that the town agreed to pay, as a price therefor, an amount equal to the total of the assessments against said property does not make the transaction ultra vires. Law does not prescribe the methods by which town boards can determine how much they will pay for such easement. Law merely requires that they use judgment and discretion in such matters. See *McIntire* v. *The State* (1840), 5 Blackf. 386. There is no basis in the record for holding that the town board's determination to pay appellee the amount of said assessments for said easement, was not the result of judgment on the part of the town board.

Appellant further contends:

"The only method of determining the amount of benefits accruing to the property of the plaintiff was as provided by statute—by a levy, under a preliminary assessment roll open to remonstrance by all property owners affected, and by the board of trustees sitting as a body, and not by an individual member or committee appointed by such board. No other method of assessment, except in compliance with the statute,

being permissible, the attempted assessment, before the commencement of the work, by way of setoff under the purported contract, was invalid and of no effect."

We deem it sufficient to say, with reference to said contention, that the first paragraph of complaint is not necessarily subject to the construction that it alleges that any other method of assessment than the one provided by statute, was attempted; on the contrary we hold that said complaint is subject to the construction that it alleges, among other things, that the regular, statutory method of assessment was to be followed.

The grounds for new trial, set forth in the motion therefor, and discussed in appellant's brief are: 1st, decision of the court is contrary to law; 2nd, decision of the court is not sustained by sufficient evidence; 3rd, error in the assessment of the amount of recovery, the amount being too large.

Appellant contends the decision of the court is not sustained by sufficient evidence inasmuch as there is no evidence showing any oral agreement between appellee and the town board—it appearing in the evidence that the oral agreement was had between appellee and one member of the board.

It was stipulated that "on the 5th day of February . . . the said Town of North Liberty, by its duly authorized trustee, Mr. ———, as a committee of one entered into an agreement with said plaintiff appertaining to said real estate . . . and for the construction of a sewer through the same, and there was executed by the said plaintiff and the said ——— on behalf of said town an instrument, etc."

It was further stipulated that the sewer was constructed across appellee's lots.

Certainly said evidence and the inferences reasonably deducible therefrom are sufficient to sustain a finding that the town board entered into the oral agreement.

In support of the alleged ground for new trial that the court erred in the assessment of the amount of recovery, the same being too large, appellant contends "an agreement not to levy any assessment in consideration of the owner conveying an easement of way for the improvement, if enforceable, if violated by the levying power, leaves the latter subject to damages only equal to the value of the easement conveyed." Assuming, but not deciding, that said contention is well founded in law, it is not applicable here because, as we have heretofore indicated, we are holding that the agreement involved in this case, is not such an agreement.

Other questions are discussed in appellant's brief, but the conclusion reached by us in this opinion obviates the necessity of discussing said other questions.

No reversible error having been shown, the judgment is affirmed.