No. 698

MEHAFFEY v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5467.   Decided Sept. 22, 1924

896. PENAL STATUTE—Must be strictly construed.

1277. WORDS & PHRASES—"Purchasing or making loans on salaries or wage earnings, etc." to be construed in view of succeeding statutes to 6346-1 GC; and to mean purchasing of loans on salaries or wage earnings, not to apply to outright purchases.

327. COURTS—Not function of, to legislate. Limited to interpreting acts of the legislature.

LEVINE, J.

Joseph Mehaffey was convicted in the Cleveland Municipal Court for a violation of 6346-1 GC., referred to as the "Chattel and Salary Loan Act." The affidavit charged him with engaging in the business of purchasing salaries or wage earnings at a large rate of interest in excess of eight per cent per annum, without having first obtained a license so to do from the Commissioner of Securities of the State of Ohio, and without otherwise complying with provisions of 6346-1 to 10 GC.

Section 6346-1 GC. provides in part: "It shall be unlawful for any person to engage in business - - of purchasing or making loans or salaries or wage earnings - - - at charge or rate of interest in excess of eight per centum per annum, including all charges without having first obtained a license, - - - - - -.

Error was prosecuted and Mehaffey contended; that the act of purchasing salaries or wage earnings at any price, does not constitute an offense under the laws of Ohio, and that same was not contemplated by 6346-1 GC. It was contended that the statute intends to cover the making of loans on salaries or wage earnings, and the purchasing of loans on salaries and wage earnings; and that it does not apply to outright purchases. The State argued that the intention of the statute was to make it an offense, first to engage in making loans on salaries or wage earnings, and second to purchase salaries or wage earnings, at a charge in excess of eight per centum per annum.

The Court of Appeals held:

1. Section 6346-1 GC. being a penal statute in its character must be strictly construed, and the phrase, "purchasing or making loans on salaries or wage earnings, etc." must be construed in view of all succeeding sections of the act, to mean the purchasing of loans on salaries or wage earnings, and it does not apply to outright purchases.

2. The use of phrase "per annum" indicates a computation of interest upon a loan, and not a mere charge in case of a purchaser; the element of time entering into the problem of interest, and not into a transaction of a purchase and sale of a chose in action.

3. The State chose in this case to explicitly charge the accused with engaging in the business of purchasing salaries or wage earnings. Such an act is not contemplated by 6346-1 GC.

4. Much stress is laid upon the evils which the legislature intended to remedy. This Court is of the opinion that it is not the function of the court to legislate. Its function is limited to interpreting acts of the legislature.

5. In giving construction to a statute, all its provisions must be considered together. Endeavor must be made to get the legislative intent by consideration of all that has been said in the law, and not be content with partial views, by selection of isolated passages, and holding them alone up to criticism. State v. Rouch, 47 OS., pages 478-85.

Attorneys—Payer, Winch, Minshall & Karch for Mehaffey; George W. Perry for State; all of Cleveland.