Robinson, J.
 

 The only question in this case is whether the Pawn Broker’s Act, G-eneral Code, Section 6337, and following sections, covers and includes the purchase of salaries and wage earnings.
 

 
 *332
 
 The answer lies in the construction of Section 6346-1, and following sections. Section 6346-1, General Code, provides:
 

 “It shall be unlawful for any person, firm, partnership, association or corporation, to engage, or continue, in the business of making loans., on plain, endorsed, or guaranteed notes, or due-bills, or otherwise, or upon the mortgage or pledge of chattels or personal property of any kind, or of purchasing or making loans on salaries or wage earnings, or of furnishing guarantee or security in connection with any loan or purchase, as aforesaid, at a charge or rate of interest in excess of eight percentum per annum, including all charges, without first having obtained a license so to do from the commissioner of securities and otherwise complying with the provisions of this chapter.”
 

 It is argued here by counsel for plaintiff in error, who appears
 
 amicus curiae,
 
 that it was the intention of the Legislature to make “purchasing” and “making loans on” separate and independent acts, and that each is dependent upon the phrase “salaries and wage earnings”; that the statute as written does not express its real purpose, and literally interpreted would lead to an absurdity; that the real legislative intent was to require all persons who engage in the business of purchasing salaries and wage earnings to first secure a license under the provisions of the act; that the court in some manner should ascertain that that was the intention of the Legislature, and, having so ascertained, should, by the process of interpretation, effectuate the purpose which the Legislature had intended, but failed to express.
 

 
 *333
 
 It is the contention of the defendant in error that the section as punctuated by the Legislature makes it unlawful for any person to engage in the business of purchasing loans on salaries or of making loans on salaries, and that the' section does not cover the business of purchasing salaries and wage earnings outright.
 

 It is the contention of the state, through its
 
 amicus curiae
 
 counsel, that this court should re-punctuate this statute, placing a comma after the word “purchasing,” thus making the statute read: “It shall be unlawful for any person * * * to engage
 
 * *'
 
 * in the business * * “ of purchasing, or making loans, on. salaries or wage earnings”; that the intention of the Legislature to so punctuate Section 6346-1 may be gathered from the history of the legislation.
 

 The act as originally enacted is found in 102 Ohio Laws, at page 469. As there enacted Section 6346-1 reads: “No person *
 
 *
 
 * shall engage * * * in the business. * * * of purchasing or making loans upon salaries or wage earnings,” etc., and was entitled “An act to regulate and license the loaning of money upon chattels or personal property of any kind .and of purchasing or making loans upon salaries or wage earnings.”
 

 The Legislature next had this subject under consideration in 106 Ohio ■ Laws, page 281, where Section 6346-1 was amended. The amendment reads:
 

 “It shall be unlawful for any person * * * to engage * * * in business * * * of purchasing or making loans on salaries, or wag© earnings,” and was entitled:
 

 
 *334
 
 “An act to amend Sections 6346-1 * * * providing for the regulation and licensing of the loaning of money, without security upon personal property, and of purchasing or making loans upon salaries or wage earnings.”
 

 The section in its present form was enacted in 107 Ohio Laws, page 509, as part of the act entitled “An act to provide for the appointment of a commissioner of securities * * * and to amend Sections * * * 6346-1,” etc., which was passed for the purpose of transferring to such commissioner of securities the duties theretofore vested in the superintendent of banks.
 

 It will thus be seen that the act has carried substantially the same title in its various amendments since its original enactment, and has carried with reference to the purchasing of salaries and wage earnings the exact phraseology and punctuation throughout.
 

 It is also significant that Section 6346-5, as originally enacted (102 O. L., p. 470) provided: “No such person, firm or corporation shall make a loan upon chattels or personal property of any kind whatsoever or purchase, a salary or wage earning of another at a rate of interest or charge in excess of eight per cent, per annum upon the principal sum”; that when amended, in 106 Ohio Laws, at page '283, it was made to read, “No such licensee or licensees shall make a loan or purchase or furnish guaranty, or security, as hereinbefore provided at a greater total charge, including interest, than three per cent, per month”; that the Legislature there dropped out of the section all description of the businesses, the operators of
 
 *335
 
 which were required to secure a license as a prequisite to such operation, and by reference carried into the section the description contained in Section 6346-1, which description, in so far as it affects this case, has been unchanged throughout its history.
 

 Section 6346-5, as originally enacted, would seem to have included the purchaser of a salary or wage earnings at a rate of interest. Whether the Legislature, in the revision of the act, had discovered between 1911 and 1915 that a “rate of interest,” as applied to a purchase, was an inapt and inaccurate expression, and inconsistent with Section 6346-1, and therefore, for the purpose of consistency and clarification, eliminated it, or whether it was eliminated for some other purpose the legislation does not disclose, but certainly an interpretation of present Section 6346-1, with a view to harmonizing it with repealed Section 6346-5, after the repeal of the inconsistent provision "thereof, would be carrying the doctrine requiring the harmonizing of the provisions of inconsistent sections beyond the purpose for which the theory was evolved.
 

 The Legislature having removed the conflict, the court would not he justified in attempting to reconcile a conflict which no longer exists.
 

 The interpretation of the meaning of Section 6346-1 may be aided by the provisions of Section 6346-6, which section requires a statement and receipt to be given the borrower or pledger, and requires the writing of the name of the person making the loan or purchase, the name of the assignor, borrower, or pledger, the amount of the
 
 *336
 
 loan, the rate or amount of interest charged, the date when the loan is made, and the date when payable, and requires the loaner or purchaser to “give the assignor, borrower, or pledger, a receipt for each payment of principal or interest.” It may be further aided by the provisions of Section 6346-7, which is particularly applicable to the assignment of wages or earnings, and provides that “no assignment of any salary, wages or earnings, or any part thereof given to secure a loan shall be valid unless the same shall be in writing,” and defines the term “assignment” as follows:
 

 “The term assignment as used in this section shall include every instrument purporting to transfer an interest in or any authority to collect the wages, salary or earnings of such person. Any assignment of wages, salary or earnings, made in accordance with the provisions of this section shall bind the wages, salary or earnings earned or to be earned by the assignor until the loan secured by such assignment and interest thereon is fully' paid.”
 

 The relations created by the transactions proven in this ease are not those of debtors and creditor, but are those of sellers and buyer, to which the question of interest has no relation. The subject of discounts is not covered or approached in Section 6346-1, or succeeding sections, but the act throughout is replete with provisions as to loans and time of payment of principal and interest, all of which are unrelated to the subject of purchase and sale, or debtor and creditor.
 

 If the practices of the defendant and others similarly engaged require the supervision of the
 
 *337
 
 commissioner of securities, that is a subject for the consideration of the legislative branch of this state, and not for the courts.
 

 This is a penal statute, and the mere fact that it is susceptible of more than one interpretation does not justify a court in so interpreting it as to bring within its scope transactions not clearly included therein.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.