**BOARD OF COUNTY COMMISSIONERS, Plaintiff-Appellee, v UNKNOWN HEIRS OF COOPER, ET AL, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1952. Decided September 22nd, 1947.

Mathias H. Heck, Prosecuting Attorney, Dayton, and Albert J. Dwyer, Asst. Prosecuting Atty., Dayton, for plaintiff-appellee.

William M. Pettit, H. S. Leonard, Miles S. Kuhns, Otterbein Creager, Eugene G. Kennedy, Roy G. Fitzgerald, all of Dayton, for defendants-appellants.

## OPINION

By THE COURT:

Submitted on Motion to dismiss the appeal on two grounds: First: The appellants have no substantial right that will be affected by these proceedings, and no interest in the controversy adverse to any of the parties to these proceedings; Second: The order appealed from is not a final order.

The plaintiffs filed an action to quiet title to the present court house property, making the unknown heirs of Daniel C. Cooper and the City of Dayton party defendants. The appellants, as friends of the court and as citizens and residents of said county, filed an intervening answer, claiming for themselves and all other citizens and residents of said county, a vested interest in said property by virtue of the dedication by Daniel C. Cooper of said property for court house and jail purposes." These appellants were not made parties to the action, but attempted to become parties by their own intervention.

A motion was filed to strike the answer, but the trial court permitted the appellants to remain in the case. The trial court had the authority to recognize the appellants in the capacity of "Amicus Curiae." The appellants do not claim to be the owners of real estate or tax payers of said county. Their sole claim to be considered parties to the action is that they are friends of the court, citizens and residents of said county.

The issue raised involved the title to the Court House property. The county, the City of Dayton, and the unknown heirs of Daniel C. Cooper, the grantor in the deed which conveyed title to the county, were the only parties interested in the question involving the title to said property. The appellants claim no interest, legal or equitable, in said property, except as citizens and residents of said county.

While the appellants are to be commended for their civic interest, we fail to comprehend how they have any standing in court as parties to the action at law or in equity, as an "Amicus Curiae" has no right to except to the rulings of the court or prosecute an appeal. 1 O. Jur., p. 967. By no process of legal reasoning can a friend of the court become a party to the action. Neither can a person who manifests a lively civic interest in a certain piece of litigation, claim that he possesses a "substantial right," which may be affected by the judgment of the court on the sole ground that he is a citizen or resident of the county. Sec. 12223-2 GC.

Neither do we find that the appellants possess "an interest in the controversy adverse to the Plaintiff" or that either of them was a "necessary party to a complete determination or settlement of a question involved therein." **Sec. 11255 GC.**

The appellants possess no substantial right in the action, nor can it be claimed that their interest is adverse or that they are necessary parties to the action by virtue of being residents and citizens of said county. The provisions of §11257 GC, have no application, as there is no community of interest, and the doctrine of virtual representation does not apply.

In determining whether the trial court made a final order from which an appeal may be taken, we find that the notice of appeal fails to designate the order appealed from. The record discloses that the case was tried to a three-judge court, which rendered a written opinion which was filed in the office of the Clerk of Courts on May 28, 1947. In its opinion the court held that the county possessed the title to said property subject to no restrictions, and that the prayer of Plaintiff's petition to quiet title should be granted. These appellants filed a motion for a new trial on March 3, 1947, which was overruled in a written opinion filed May 28, 1947. No further finding or order was made.

It is noted that the written opinion of the court on the merits was filed with the Clerk on May 28, 1947, and on the same date, the written opinion overruling the motion for a new trial was filed, although the motion for new trial was filed on March 3, 1947, indicating that the court did not regard its first written opinion nor the opinion overruling the Motion for a new trial as an order, judgment or decree. Neither opinion was signed by the Court and was not couched in the form of an order, judgment or decree. As we find no final order made, the appeal was taken prematurely.

Should an appeal be perfected in this case, this court upon request, would welcome briefs by these appellants as amicus curiae.

The motion to dismiss the appeal will be sustained on both grounds.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.